IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| APRIL COX, | § § | |
| Plaintiff, | § § | Civil Action No.: 9:22-CV-47 |
| | § § | **JURY DEMAND** |
| v. | § § | |
| INSTANT BRANDS, INC., | § § | |
| Defendant. | § § | |

Plaintiff, **APRIL COX** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **PHIPPS, ORTIZ, TALAFUSE PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **INSTANT BRANDS, INC.** (hereafter referred to as "Defendant Instant Brands"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Instant Brands designs, manufactures, markets, imports, distributes and sells a wide-range of consumer kitchen products, including the subject "Instant Pot Programmable Electric Pressure Cooker," which specifically includes the IP-LUX60 V3 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2. Defendant touts the "safety"[1] of their pressure cookers, and states that they cannot be opened while in use. Despite Defendants claims of "safety," they designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product

---

[1] *See, e.g.* Instant Pot IP-LUX60 V3 Owner's manual, pgs. 4, 5 8. A copy of the Owner's manual is attached hereto as "Exhibit A".

that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff was able to remove the lid while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

4. Defendant knew or should have known of these defects but have nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like them.

5. Defendant ignored and/or concealed their knowledge of these defects in its pressure cookers from the Plaintiffs in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and others like her.

6. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF APRIL COX

7. Plaintiff is a resident and citizen of the city of Chireno, County of Nacogdoches, State of Texas.

8. On or about March 27, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "Built-In Safety Features," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT INSTANT BRANDS, INC.

9. Defendant designs, manufactures, markets, imports, distributes and sell a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

10. Defendant boasts that "[t]he Instant Pot line of products are truly tools for a new lifestyle and especially cater to the needs of health-minded individuals" with its "main goal" to provide "best kitchen experience by offering unsurpassed user interface design and connected technologies."

11. Defendant Instant Brands is a Canadian corporation with is principal place of business at 495 March Road, Suite 200, Kanata, ON, Canada K2K 3G1, and as such is deemed to be a citizen of the Country of Canada.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of TExas and has intentionally availed itself of the markets within Texas through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

15. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

16. Defendant aggressively warrants, markets, advertises, and sells its pressure cookers as "Convenient, Dependable and Safe,"[2] allowing consumers to cook "healthy, tasty dishes."[3]

17. For instance, the Defendant claims that its pressure cookers include a "safety feature to disable the cooker" and display light that "flashes 'Lid' if the lid is not positioned correctly."[4]

18. To further propagate its message, Defendant has, and continues to utilize numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers. For example, the following can be found on Defendant's YouTube webpage entitled "Getting to Know Your New Instant Pot IP-DUO":

   a. "The first thing you need to know about your IP-DUO is that **you don't need to be afraid of it**, as many people are afraid of stovetop pressure cookers."[5]

---

[2] *See* https://instantpot.com/portfolio-item/lux-6-quart/#tab-id-1 (last accessed November 17, 2021 2019).
[3] *Id.*
[4] Instant Pot DUO Owner's Manual, pg. 22
[5] https://www.youtube.com/watch?v=w1RKj9E8TY0 (video with a runtime of 11:26) at 0:42 – 0:46 (last accessed October 18, 2021)

    b. "With 10 safety features built in, you can use your Instant Pot with confidence, *knowing that it is not going to explode*."[6]

    c. "In addition, keep in mind that your Instant Pot operates at relatively low pressures of 11 to 12 psi or lower, depending on the pressure setting that you use."[7]

19.    In a similar video entitled "Introducing Instant Pot IP-DUO series electric pressure cooker," spokesperson Laura Pazzaglia, founder of the website "Hip Pressure Cooking"[8] boasts of the pressure cookers "10 safety features," stating that this "new model detects the position of the lid" and "once the lid is locked, and the contents are under pressure, *there's no way to open the pressure cooker*."[9]

20.    By reason of the forgoing acts or omissions, the Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

21.    Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

22.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use

---

[6] *Id.* at 0:47 – 0:55.
[7] *Id.* 0:56 – 1:08. This apparently suggests that even if the lid is opened while the unit is still pressurized, it will not harm you.
[8] *See* https://www.hippressurecooking.com/ (last accessed March 9, 2022)
[9] https://www.youtube.com/watch?v=w1RKj9E8TY0 (video with a runtime of 11:26) (last accessed March 9, 2022)

5

of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

23. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

24. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

25. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

26. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of their pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and others like her.

27. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiffs used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon the simple removal of the lid of the pressure cooker.

28. Consequently, the Plaintiff seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

29. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

30. At the time of Plaintiff's injuries, Defendant Instant Brands' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

31. Defendant Instant Brands' pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant Instant Brands.

32. Plaintiff did not misuse or materially alter the pressure cooker.

33. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

34. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant Instant Brands were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant Instant Brands failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant Instant Brands failed to warn and place adequate warnings and instructions on the pressure cookers;

   e. Defendant Instant Brands failed to adequately test the pressure cookers; and

   f. Defendant Instant Brands failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

35. Defendant Instant Brands actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Instant Brands for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

36. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37. Defendant Instant Brands had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

38. Defendant Instant Brands failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant Instant Brands knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

39. Defendant Instant Brands was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent.

40.     Despite the fact that Defendant Instant Brands knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant Instant Brands continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE**, Plaintiff demands judgment against Defendant Instant Brands for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

41.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

42.     Defendant Instant Brands manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

43.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

44.     Defendant Instant Brands' pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

45.     The Plaintiff in this case reasonably relied on Defendant Instant Brands' representations that its pressure cookers were a quick, effective and safe means of cooking.

46.     Defendant Instant Brands' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Instant Brands for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

47.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

48.     At the time Defendant Instant Brands marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendant Instant Brands warranted that its Pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

49.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

50.     Defendant Instant Brands' pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

51.     The Plaintiff in this case and/or her family purchased and used the pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

52.     Defendant Instant Brands' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Instant Brands for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant Instant Brands for damages, including exemplary damages if applicable, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant Instant Brands;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant Instant Brands' pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. punitive damages on all applicable Counts as permitted by the law;

e. a trial by jury on all issues of the case;

f. an award of attorneys' fees; and

g. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **PHIPPS, ORTIZ, TALAFUSE PLLC** |
| Dated: March 16, 2022 | /s/ *Martin J. Phipps* <br> MARTIN J. PHIPPS <br> State Bar No. 00791444 <br> 102 9th Street <br> San Antonio, Texas 78215 <br> Telephone: (210) 340-9877 <br> Facsimile: (210) 340-9899 |

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (#0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***